Case 8:07-cv-00376-AG-RNB   Document 68   Filed 09/29/08   Page 1 of 8   Page ID #:1725



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 29 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"O"

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GABLE, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>LAND ROVER NORTH AMERICA, INC.,<br><br>      Defendant. | CASE NO. CV07-0376 AG (RNBx)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION |

Before the Court is the Motion of Plaintiff Kenneth Gable ("Plaintiff") for Class Certification ("Motion"). After considering the arguments submitted by the parties, the Court hereby DENIES Plaintiff's Motion.

**BACKGROUND**

In this case, Plaintiff sues Defendant Land Rover North America, Inc. ("Defendant") for: (1) violations of the Michigan Consumer Protection Act ("MCPA"); (2) breach of express warranty under the Michigan Uniform Commercial Code; (3) breach of implied warranty of

merchantability under the Michigan Uniform Commercial Code; and (4) unjust enrichment. Plaintiff has brought this case on behalf of "[a]ll current and former owners and lessees of model year 2004, 2005, and 2006 Land Rover LR3s purchased or leased in the state of Michigan."

Plaintiff claims that Defendant's model LR3 vehicle ("Vehicle") from the 2005 and 2006 model years have a manufacturing defect that causes the tires on the Vehicles to wear out too quickly. The manufacturing defect, Plaintiff alleges, is that the rear wheels of the Vehicles are misaligned in that they tend to have a "toe out" condition. In other words, the front of each rear tire is farther out from the center line of the vehicle than the back of each tire. In still other words, the Vehicles are duck-footed. Plaintiff alleges that this "toe out" condition causes the rear tires to wear unevenly and prematurely, "caus[ing] the occupants to experience an extremely rough ride, as well as exceptionally loud and disruptive excessive noise, when driving the Vehicles." (Complaint ¶ 11.)

Due to this alleged defect, proposed class members allege that they have been forced to pay for replacement tires too early. Also, they allege that Defendant did not adhere to its vehicle warranty by replacing all the worn tires at no cost.

## LEGAL STANDARD

According to Federal Rule of Civil Procedure 23(a) ("Rule 23(a)"),
> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

1  Fed. R. Civ. P. 23(a).

2        A class action may only be maintained if Rule 23(a) is satisfied and if one of the three
3  subparts of Federal Rule of Civil Procedure 23(b) ("Rule 23(b)") is satisfied. Rule 23(b)
4  provides:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
> 
>   (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;
> 
>   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> 
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> 
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

      In a motion for class certification, "[t]he court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The Court may also properly consider "the supplemental evidentiary submissions of the parties." *In re Citric Acid Antitrust Litigation*, 1996 U.S. Dist. LEXIS 16409 at *7 (N.D. Cal. filed Oct. 2, 1996). In deciding a motion for class certification, the trial court must "rigorously analyze"

whether the party moving for certification has met its burden under Rule 23. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982). "Because the early resolution of the class certification question requires some degree of speculation, however, all that is required is that the Court form a 'reasonable judgment' on each certification requirement." *In re Citric Acid Antitrust Litigation*, 1996 U.S. Dist. LEXIS 16409 at * 2; *Blackie*, 524 F.2d at 901. Any doubts a court has about class certification should be resolved in favor of certification. *Joseph v. General Motors Corp.*, 109 F.R.D. 635, 638 (D. Colo. 1981).

## ANALYSIS

### 1. PLAINTIFF'S MOTION

Plaintiff claims that he has met all the class certification requirements of Rule 24(a). He states, under Rule 24(a)(1), that joinder of all the class members is impracticable because the class consists of at least 1,183 people. He then claims, under Rule 24(a)(2), that common issues exist because each class member's claim will be based on proof that Land Rover knew its vehicles were defective and chose not to notify consumers of the defect or to provide them adequate reimbursement. He next argues, under Rule 24(a)(3), that his claim is typical of the claims of the class because he purchased a vehicle with the same alignment defect as all other vehicles in the class and suffered premature tire wear as a result. Finally, he argues, under Rule 24(a)(4), that his counsel is well qualified and that Plaintiff has no interests antagonistic to those of the class.

Plaintiff then argues that he meets the requirement of Rule 23(b)(3), because the questions of law or fact common to the class in this case will predominate over any questions individual to class members. He points out that the common questions of law and fact are: (1) whether the Vehicles had an alignment geometry defect; (2) whether Defendant was aware of the defect; (3) whether Defendant had a duty to disclose its knowledge of the defect; (4) whether Defendant failed to do so; (5) whether Defendant violated the MCPA; (6) whether Defendant

violated its warranty, the implied warranty of merchantability, or was unjustly enriched; and (8) whether Plaintiff and class members have been damaged. Plaintiff argues that the defect is uniform and common to all class members.

### 2. DEFENDANT'S RESPONSE

Defendant argues first that Plaintiff has not met the requirement of Rule 23(b)(3), because common questions do not predominate over individual questions in this case. According to Defendant, the mere fact that Plaintiff can point to some common questions does not support certification. Even if common issues are present, "a class action is improper where an individual class member would be compelled to try numerous and substantial issues to establish his or her right to recover individually, after liability to the class is established." *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 415 (C.D. Cal 2000).

Defendant argues, using its own internal documents and a deposition of Plaintiff's expert, that the alleged "defect" will not manifest in every Vehicle. Thus, Defendant argues, it will be an individual question for each class member whether he or she actually experienced the defect. Each class member will have to show that his or her car had a "toe out" condition, and then will have to show that the condition resulted from the defect, instead of from accidents, curb strikes, dealership settings, or underinflated tires. Each member will also have to show that Defendant could not conform his Vehicle to the warranty by re-setting the Vehicle's alignment settings. Defendant argues that the defect arises from a tendency of the new cars to "settle" a bit, but that after they do that, re-setting the Vehicle's settings will fix the problem. Each class member will also have to show that his or her tires wore prematurely and show the cost of replacement tires. Thus, Defendant argues that the individual issues of each class member would predominate over the common issues alleged by Plaintiff, improperly resulting "in a series of mini-trials" for each class member on the issues of causation, injury, and damages. Thus, Defendant argues that class certification is improper.

Defendant also argues, more generally, that tire wear cases are generally inappropriate for

class certification. Tires are designed to wear, and they do so for multiple reasons. So tire wear cases must be highly individualized to show that any given tire wear is the result of a defect, instead of being the result of another cause, like an individual's driving habits. Defendant cites multiple cases showing that courts are loath to certify tire defect cases because those cases present individual issues like why the tire wore and whether the defect manifested itself. Defendant also points to two cases certifying classes only after expressly distinguishing the case from a tire wear case. *See Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 923 (2001) ("Foundations, however, are not like cars or tires. Cars and tires have a limited useful life. At the end of their lives they, and whatever defect they may have contained, wind up on a scrap heap. If the defect has not manifested itself in that time, the buyer has received what he bargained for."); *Microsoft Corp. v. Manning*, 914 S.W. 2d 602, 609 (Tex. App. 1995) ("Software, however, is not like tires or cars. Tires and cars have a distinctly limited usable life. At the end of the product's life, the product and whatever defect it may have had pass away. If a defect does not manifest itself in that time span, the buyer has gotten what he bargained for.").

### 3. RULE 23(b) ANALYSIS

Plaintiff's Rule 23(b) argument finds some support in *Samuel-Bassett v. Kia Motors America, Inc.*, 212 F.R.D. 271, 282 (E.D. Pa. 2002), which involved an alleged defect in the brakes of a car model that caused premature wear in the brake pads. That defect is analogous to the one here, because brake pads, like tires, are designed to wear, and do so for many different reasons. In that case, the district court rejected arguments almost exactly like those raised by Defendant here: "[W]hile the defendant has strenuously argued that this case does not satisfy Rule 23(b)(3) because the merits of each individual car owner's complaints must be evaluated along with their individual driving habits and conditions, we nevertheless find from the evidence amassed thus far that the questions common to the class clearly predominate over those which may only affect certain individual owners." *Id.* at 282.

But in another case involving the exact same claims against Kia Motors America, the

Florida Third District Court of Appeals reversed a grant of class certification. *Kia Motors America Corp. v. Yvonne Butler*, No. 3D05-11455 (3d Dist. Ct. App. 2008). That court based its decision on: (1) variations within the class; (2) the fact that the proposed class included people who had never experienced the defect; and (3) the fact that brake systems are highly complicated mechanical systems that can be harmed by multiple different factors. "Without individual inquiry, there is no way in adjudicating this case to determine whether the need for a particular repair was based on normal wear, a defective original part, a defective after market part, environmental factors, such as weather or road conditions, the presence of foreign objects in the braking system, the failure of parts other than the braking system, poor workmanship by a third party, or individual driving habits." *Id.* at 14. The court also emphasized that allowing class actions like this one may deny a defendant its due process rights by not allowing it to adequately present its defenses to all claims.

Like the Third District Court of Appeals, the Court is finds that an important factor in this analysis is the percent of people of the proposed class who actually experienced the defect. The parties have offered conflicting stories on what that number is. Defendant presents documents and a declaration showing that the defect manifestation rate was between 1.9% and 20%. (*See* Sherrey Dep. 238:15-239:3; Wilken Declaration in Support of Defendants Proposed Findings of Fact and Conclusions of Law, Exhibits 45, 46.) On the other hand, Plaintiff does not propose a percent, but instead declares that manifestation of the defect was "significant and widespread." (Plaintiff's Proposed Findings of Fact and Conclusions of Law in Support of Motion for Class Certification ¶ 24.) Plaintiff bases this statement on evidence that tire wear issues resulted in a "five-fold" increase in demand for replacement tires for the Vehicles (Motion 6:20-28), and on declarations from service managers of Defendant's dealerships that tire wear problems manifested on an "abnormal" number of cars. (Reply 7:18-8:8.)

The Court compares this evidence with the evidence of defect manifestation in *Samuel-Bassett*, the case Plaintiff cites. In that case, the plaintiff had submitted evidence that up to 85% of the vehicles in issue had manifested the defect. *Samuel-Bassett v. KiaMotors America, Inc.*, 2004 WL 2173324, *6 (Pa. Com. Pl Nov. 10, 2004). To the contrary, Plaintiff

here has not shown credibly that even a majority of the class members have experienced the defect. For this reason, among others, the Court finds that Plaintiff has not met his burden of showing that common issues will predominate over individual issues in this case. Accordingly, the Motion for Class Certification is DENIED

**DISPOSITION**

Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

DATED: September 29, 2008

Andrew J. Guilford
United States District Judge